```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

MICHAEL EDWARD CALHOUN,           :
                                  :
    Petitioner,                   :
                                  :
vs.                               :       CIVIL ACTION 15-231-CG-M
                                  :
LEE POSEY DANIELS,                :
                                  :
    Respondent.                   :

REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Lee Posey Daniels and against Petitioner Michael Edward Calhoun pursuant to 28 U.S.C. § 2244(d).  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of murder and first-degree robbery in the Mobile County Circuit Court on December 1, 1992 for which he received life sentences for both convictions in the state penitentiary, to be served consecutively (Doc. 5, p. 2; *cf.* Doc. 17, p. 2).  On May 28, 1993, the Alabama Court of Criminal Appeals affirmed the conviction.  *Calhoun v.* State, 623 So.2d 448 (Ala. Crim. App. 1993).  Petitioner did not pursue further action on the appeal (Doc. 5, p. 3); the certificate of final judgment was entered on June 15, 1993 (Doc. 17, Exhibit 3).

Petitioner filed a Rule 32 petition on June 24, 1994 (Doc. 5, p. 4; *see also* Doc. 17, Exhibit 4, pp. 6, 27, 42).  The petition was denied on October 26, 1994 (Doc. 17, Exhibit 4, pp. 6, 42).  Calhoun did not pursue further available appellate review (*see id.*).

Petitioner filed a second Rule 32 petition on May 9, 2014 that was summarily dismissed on September 2, 2014 (Doc. 5, p. 4; *see also* Doc. 17, Exhibit 4, pp. 41-45).  On December 12, 2014, the Alabama Court of Criminal Appeals affirmed the dismissal and later overruled Petitioner's application for rehearing (Doc. 17, Exhibits 7, 9).  On April 10, 2015, the Alabama Supreme Court denied Calhoun's petition for *certiorari* and entered the certificate of judgment (Doc. 17, Exhibit 11).

Petitioner filed a complaint with this Court on April 29,

2015[1] raising the following claims:  (1) The trial court did not have jurisdiction to try, convict, and sentence him; (2) there is newly discovered evidence; (3) the Circuit Court abused its discretion in summarily dismissing his Rule 32 petition; and (4) the Circuit court erred in denying him the opportunity to amend his Rule 32 petition (Doc. 5).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute-of-limitations period (Doc. 17, pp. 6-10).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

---

[1] Respondent states that Petitioner did not file this complaint until June 8, 2015 (Doc. 17, p. 5).  While Calhoun did not file a petition that was in the form this Court requires until June 8, 2015 (Doc. 5), Petitioner initiated this action on April 29, 2015 with the filing of a habeas petition (Doc. 1).

3

The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  The Eleventh Circuit Court of Appeals held that the one-year limitations period would begin to run on that date, April 24, 1996, for potential habeas petitioners whose convictions had already become final by way of direct review.  *Goodman*, 151 F.3d at 1337; *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).  In other words, the Eleventh Circuit Court of Appeals established a "grace period" through April 23, 1997 so that federal and state criminal defendants would not lose the opportunity to seek federal habeas review.

Petitioner's conviction became final on June 15, 1993, the day the certificate of final judgment was entered (Doc. 17, Exhibit 3).  As such, Calhoun's conviction became final prior to the effective date of the AEDPA.  *Wilcox* provided for this circumstance, allowing Petitioner one year, beginning on April 24, 1996 and running through April 23, 1997, to seek federal habeas corpus relief.

Petitioner's habeas corpus petition was not filed in this Court until April 29, 2015, nearly eighteen years after the grace period had expired.  Petitioner had filed a Rule 32 petition in state court on May 9, 2014, more than seventeen

years after the grace period had expired.  However, the Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  Petitioner's Rule 32 petition was filed too late to toll the statute.[2]

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).  The Court finds that Petitioner has provided no cause (Doc. 19) for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Lee Posey Daniels and against Petitioner Michael Edward Calhoun pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. §

---

[2]Petitioner had filed an earlier Rule 32 petition, but its conclusion, on October 26, 2004, was prior to *Wilcox*'s grace period.

5

2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Calhoun has not timely-filed this petition, a reasonable jurist could not conclude that this Court errs in dismissing the instant petition or that Petitioner should be allowed to proceed.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner

6

should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor Respondent, Lee Posey Daniels, and against Petitioner, Michael Edward Calhoun.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 13th day of January, 2016.

s/BERT W. MILLING, JR.  
UNITED STATES MAGISTRATE JUDGE